UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00056-R

NATASHA D. HOPSON
and CARL HOPSON                                                                PLAINTIFFS

v.

CSX TRANSPORTATION                                                             DEFENDANT

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' motion to remand (DN 6). Defendant has responded (DN 9). This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' motion is DENIED.

This matter arises from a collision between a train owned and operated by Defendant and the Plaintiffs' automobile on January 14, 2010, in Christian County, Kentucky. Plaintiffs filed action on January 12, 2011, in the circuit court of Christian County. Defendants removed the lawsuit to this Court on April 7, 2011, on the basis of an interrogatory answer submitted by Plaintiffs. In an interrogatory requesting information on damages, Plaintiffs indicated that they were seeking a total of $424,000.00. Five days following removal, Plaintiffs moved to remand this action to state court. In the motion, they claimed that removal was inappropriate as they had previously stated that they were not seeking damages of more than $75,000.00.

To establish subject matter jurisdiction based on diversity of citizenship, the amount in controversy must be at least $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction under section 1332 is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). On motions to remand, the district court must scrutinize "whether the action

1

was properly removed in the first place." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). "[W]here the plaintiff's complaint does not specify an amount of damages and does not affirmatively deny that damages will exceed $75,000, the burden is on the defendant seeking removal 'to show by a preponderance of the evidence that the amount-in-controversy requirement has been met.'" *Riley v. Sodexho, Inc.*, No. 07–CV-86, 2007 WL 2592220, at *2 (E.D. Ky. Sept. 5, 2007) (quoting *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). It not required that the defendants prove to a legal certainty that plaintiff's damages meet the amount-in-controversy requirement. *Hayes*, 266 F.3d at 572. Still, the defendant "must prove more than a 'possibility' of recovery in excess of $75,000" for diversity jurisdiction to attach. *Tinsley v. Connecticut General Life Ins. Co.*, 744 F. Supp. 2d 637, 645 (W.D. Ky. 2010).

In the case at bar, Plaintiffs seem to be speaking out of both sides of their mouths. On one hand, they have twice offered admissions to Defendants that they are not seeking more than $75,000.00 in damages; however, in one interrogatory, they answer that their potential damages at trial could be as much as $424,000.00. Specifically, the pertinent interrogatory set forth the following damages Plaintiffs have suffered: (1) medical expenses not to exceed $65,000.00; (2) future medical expenses not to exceed $100,000.00; (3) lost income not to exceed $500.00 per week since the accident; (4) permanent impairment of earning capacity $100,000.00; (5) pain and suffered not to exceed $100,000.00; and (5) loss of consortium not to exceed $25,000.00.

This matter is analogous to this circuit's opinion in *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000). There, the plaintiff also offered two divergent estimations of her damages. *Id*. at 69-71. In an initial complaint, the plaintiff stated that she was entitled to

$950,000.00 after she tripped and fell in Wal-Mart. *Id.* at 869-70. After the parties stipulated to a dismissal, the plaintiff refiled her action in state court, this time attempting to recover an amount "not exceeding $75,000." *Id.* The Sixth Circuit permitted removal despite the later complaint's specific language requesting less than the statutory minimum. *Id.* at 872.

While *Rogers* sought to address a different legal query, its logic is easily transferable to the instant matter.[1] While Plaintiffs have indicated in certain responses that they are not seeking more than $75,000.00, there is evidence that stands in stark contrast to these statements. Accepting the figure of $424,000.00, this is more than five times the jurisdictional amount of section 1332. While Plaintiffs aver that their earlier allegations of damages of less than the $75,000.00 should control this matter, they fail to provided controlling precedent indicating that this is the proper analysis. What is more, district courts frequently rely upon the sworn statements offered in interrogatory answers in deciding the question of remand. *See e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gurwin v. UBS Financial Services, Inc.*, No. No. 07-10323, 2007 WL 1218772, at *4 (E.D. Mich. April 24, 2007). The clear record, in conjunction with the applicable case law, persuades the Court that the Defendant has met its burden and that diversity jurisdiction is appropriate.

For the foregoing reasons, Plaintiffs' Motion to Remand (DN 6) is HEREBY ORDERED DENIED.

---

[1] Specifically, Rogers confronted whether "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit" requires a matter to be remanded to the state court. does not require remand to state court." *Rogers*, 230 F.3d at 872.