UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00056

NATASHA HOPSON and                                                                          Plaintiffs
CARL HOPSON

v.

CSX TRANSPORTATION                                                                          Defendant

**MEMORANDUM OPINION**

This matter is before the Court upon Defendant CSX Transportation's Motion for Summary Judgment. (Docket No. 41.) Plaintiffs Natasha Hopson and Carl Hopson, who were represented by counsel at the time they filed this action but are now proceeding *pro se*, have not responded. Defendant's instant Motion was filed January 4, 2013. (Docket No. 41.) Pursuant to Local Rule 7.1(c), Plaintiffs' response memorandum in opposition was due 21 days thereafter. The time to file such a response has passed, and this matter is now ripe for adjudication. For the reasons that follow, the Court finds no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law. As such, Defendant's Motion for Summary Judgment, (Docket No. 41), will be GRANTED, and an appropriate Order of dismissal will issue separately with this opinion.

BACKGROUND

This litigation arises from the collision of Plaintiff Natasha Hopson's (Hopson) vehicle with a train operated by Defendant CSX Transportation (CSX) on the night of January 14, 2010. While Hopson was driving her white Chevrolet Tahoe westbound on

1st Street in Hopkinsville, Kentucky, at approximately 8:00 p.m., CSX train Q51514 was traveling southbound toward the 1st Street crossing. When Hopson attempted to cross the tracks, her vehicle was struck by the CSX train.

The 1st Street crossing is equipped with multiple flashing lights positioned at approximately eye level on both sides of the street as well as directly above the crossing. A total of eight lights face approaching traffic in either direction, situated in pairs on the right and left at eye level and also above the crossing. The lights are set so that each pair alternates flashing. The crossing is also equipped with a bell that signals the approach of trains. (*See* Docket No. 41-7.)

Hopson lives in Hopkinsville and responded to CSX's interrogatories that she had crossed the tracks at the 1st Street crossing "hundreds of times" during the five years prior to the accident. (Docket No. 41-2, at 5.) In that same response, Hopson stated that the "[c]rossing lights [were] not operating," and that she "couldn't hear [the] train horn." (Docket No. 41-2, at 9.)

CSX, in support of its Motion for Summary Judgment, has submitted video recording and event recorder data from the lead locomotive on the Q51514 train. (*See* Docket No. 41-3 to -6.) According to CSX, the video evidence and event recorder data from the Q51514 train refutes Hopson's assertion that the crossing lights were not flashing and shows that the train's horn was sounding both well before and at the moment Hopson attempted to cross the tracks. Thus, according to CSX, Hopson's negligence claim fails as a matter of law because she cannot establish that CSX breached any duty to

her.  CSX further reasons that because Carl Hopson's (Mr. Hopson) claim for loss of spousal consortium is derivative of Hopson's claim, his claim also must fail.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of her position; she must present evidence on which the trier of fact could reasonably find for her.  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Still, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . .

citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Finally, while the substantive law of Kentucky is applicable here pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

## DISCUSSION

### I.     Hopson's Negligence Claims

Hopson alleges that CSX was negligent because the lights at the crossing were not operating and because she could not hear the train's horn.  (She does not specifically allege that the train's horn was not sounding, only that she could not hear it.)  Under Kentucky law, a plaintiff must establish duty, breach, causation, and damages to prevail on a negligence claim.  *E.g.*, *Osborne v. Keeney*, __S.W.3d__, 2012 WL 6634129, at *10 (Ky. 2012); *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003); *Waldsachs v. Inland Marine Serv., Inc.*, 2011 WL 3813093, at *2 (W.D. Ky. Aug. 26, 2011) (citing *Boland-Maloney Lumber Co. v. Burnett*, 302 S.W.3d 680, 686 (Ky. Ct. App. 2009)).  The failure to establish any of these requisite elements "is fatal to the claim." *Ill. Cent. R.R. v. Vincent*, 412 S.W.2d 874, 876 (Ky. 1967).

The lead locomotive on the Q51514 train was equipped with video recording equipment that captured the collision between the train and Hopson's vehicle. CSX downloaded this recording immediately after the accident and has shown this recording to Hopson. CSX submitted a compact disc containing these recordings to the Court as an exhibit to its instant Motion, (Docket No. 41-3), and the Court has carefully reviewed these recordings. The recording depicts the forward-looking view from the lead locomotive as it travels down the tracks. The recording begins well before the train reaches the 1st Street crossing and clearly shows Hopson's vehicle at the moment of impact. The Court finds that the recording unquestionably shows that the crossing lights were operating well in advance of the train reaching the 1st Street crossing and that they continued to operate as the train entered the crossing and struck Hopson's vehicle.

The train is also equipped with an event recorder that shows such information as the train's speed, time of day, and GPS coordinates—more importantly, it also shows whether the bell is ringing and whether the train's horn is sounding. (*See* Docket No. 41-3.) The event recorder shows that the bell was ringing well in advance of the train reaching the crossing. The recorder also shows that the train's horn sounded in a series of long and short intervals before the train entered the crossing and that the horn was sounding at the moment of the train's impact with Hopson's vehicle.

CSX also argues that the audio recording indicates that the train's horn was sounding as it approached the crossing. The Court has been unable to locate these audio recordings on the compact disc exhibit submitted by CSX. However, the Court has reviewed the submitted affidavits of Danny Horne and Tony Holmes, the train's

conductor and engineer, in which both affiants state that the horn was sounding before and during the train's impact with Hopson's vehicle.  (Docket Nos. 41-9, -10.)

The Court finds that CSX has come forth with considerable evidence to refute Hopson's statements that the crossing lights were not operating.  Regardless whether Hopson could hear the crossing bell or the train's horn, CSX has presented evidence that both were sounding in advance of and also at the moment of impact.  Although the Court must resolve all ambiguities and draw all reasonable inferences against CSX, *see Matsushita*, 475 U.S. at 587, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence . . . of a genuine dispute," Fed. R. Civ. P. 56(c)(1).  Hopson has offered no such response.

Accordingly, the Court finds no genuine issue of material fact whether CSX breached a duty to Hopson and, thus, Hopson cannot prevail as a matter of law on her negligence claim.  Therefore, summary judgment is appropriate.

## II.     Mr. Hopson's Loss of Consortium Claim

Mr. Hopson has asserted a claim for loss of consortium, which under Kentucky law is derivative of Hopson's negligence claim.  *See Daley v. Reed*, 87 S.W.3d 247, 248-49 (Ky. 2002) ("We note at the outset that virtually every jurisdiction that has addressed this issue has concluded that loss of consortium is not a separate 'bodily injury' but is derivative of the injured party's bodily injury claim . . . .").  Because summary judgment is appropriate on Hopson's negligence claim, Mr. Hopson's loss of consortium claim must also be dismissed.

CONCLUSION

For the foregoing reasons, the Court finds that summary judgment is appropriate and, therefore, will GRANT Defendant CSX Transportation's Motion for Summary Judgment. (Docket No. 41.) An appropriate Order dismissing this action will issue separately with this opinion.

Date:

cc: Counsel for Defendant CSX Transportation

      Natasha Hopson and Carl Hopson, *pro se*
      P.O. Box 205
      Hopkinsville, KY 42240